Dear Honorable Green,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Under the Electrical License Act, 59 O.S. 1680 (1985) et seq. (the "Act") are state electrical licenses required for persons performing the work of a journeyman electrician or electrical con tractor outside incorporated cities or towns where no local ordinances regulate such work?
 2. Who has the authority to enforce wiring standards as set forth in the Act throughout the State?
The Electrical License Act provides for a statewide system of examination and licensing of electrical contractors and journeyman electricians through a committee of electrical examiners (the "Committee") created to administer examinations for licensing, 59 O.S.1683 (1985), and to certify to the State Commissioner of Health as to those applicants qualified for licensing. 59 O.S. 1685 (1985). Under 59O.S. 1690 of the Act it is a misdemeanor for any person to perform the work of a journeyman electrician or to act as an electrical contractor without a license.
Title 59 O.S. 1692(B) (1985) states:
 "Nothing in the Electrical License Act shall be construed to require:
 "1. Employment of a licensed electrical contractor, journeyman electrician or electrical apprentice except as required by local ordinances and resolutions[.]"
The fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute.Jackson v. Independent School District No. 16 of Payne County,648 P.2d 26,29 (Okla. 1982). In ascertaining the intent of the Legislature a section of the statute cannot be read in isolation from the context of the whole act, rather it should be read with provisions of the whole law and in light of the objects and policy of the statute. Richardsv. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The clear intent of the Legislature in the Act is to provide a statewide licensing procedure for electricians. In addition to a license issued by the State Commissioner of Health, the Act provides for a system of local registration and regulation wherein cities and towns can prescribe rules, regulations and standards for the materials and construction used within such cities or towns, provided that such rules and regulations are not inconsistent with the Act. 59 O.S. 1693 (1985). Given the Act's purpose of providing a statewide licensing system to insure that at least minimum standards are met throughout the State it is clear that 59 O.S.1692(B)(1) (1985) cannot be construed to exempt electrical contractors and journeyman electricians performing electrical work outside of incorporated cities from obtaining a state license as required under the Act. Rather the exemption set forth in 1692 (B)(1) is intended to protect citizens who inadvertently hire persons not licensed under the Act.
With regard to your second question, 59 O.S. 1693(B) of the Act provides that any city or town may create an office of electrical inspector to inspect and issue certificates of completion on electrical work after such inspection. Section 59 O.S. 1696 of the Act requires each state licensed electrical contractor and journeyman electrician to register with the local authorities in the jurisdiction in which he operates. Section 59 O.S. 1696 of the Act also provides:
 "Nothing in the Electrical License Act shall prohibit cities and towns from having full authority
to provide supervision and inspection of electrical facilities by the enactment of codes, ordinances, bylaws, rules and regulations in such form as they may determine and prescribe; provided, that no such codes, ordinances, bylaws, rules or regulations shall be inconsistent with the Electrical License Act, or any rule or regulation adopted or prescribed by the State Board of Health as authorized by the Electrical License Act." (Emphasis added).
Section 59 O.S. 1696 can only be interpreted to provide that supervision and inspection of electrical facilities for compliance with the Act remains with the local authorities where the local jurisdiction has created the office of electrical inspector. Richards, supra. The State Commissioner of Health and the Committee have authority to insure compliance with the Act through their powers to revoke or suspend licenses for noncompliance. 59 O.S. 1689 (1985).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. The Electrical License Act, codified at 59 O.S. 1680 (1986) et seq., requires licensing by the State of Oklahoma of all journeyman electricians, and electrical contractors, and registration of all electrical apprentices regardless of local regulating ordinances.
 2. Municipal electrical inspectors have full authority to provide supervision and inspection of electrical facilities as provided in 59 O.S. 1696 (1985) of the Electrical License Act. The State Board of Health has the authority to insure compliance with the Act through the powers to revoke or suspend licenses issued under the Act. 59 O.S. 1689 (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL CHIEF, LEGAL SERVICES
M. LOUISE HIBBARD, ASSISTANT ATTORNEY GENERAL